UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FAROUK APPIEDU,<br>FRED ASANTE,<br>CELVIN FREEMAN, and<br>LORD ANING,<br><br>                              *Defendants.* | **Protective Order**<br><br>**21 Cr. 88 (JSR)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the

need for redaction. It will also afford the defense prompt access those materials, in unredacted form, which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material may be disclosed by counsel to:

    a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    b) Prospective witnesses for purposes of defending this action.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and

storage media. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict or conviction in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/ Sagar K. Ravi___                                    Date: ___March 16, 2021___
Sagar K. Ravi / Mitzi Steiner
Assistant United States Attorneys


_____                         Date: _____
Jeffrey Einhorn, Esq.
Counsel for FAROUK APPIEDU


_____                         Date: _____
Camille Marie Abate, Esq.
Counsel for CELVIN FREEMAN


_____                         Date: _____
Robert V. Bryan, Jr., Esq.
Counsel for FRED ASANTE


_____                         Date: _____
Ernesto Cerimele, Esq.
Counsel for LORD ANING

SO ORDERED:

Dated: New York, New York
       March ___, 2021


_____
THE HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

4

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date: _____
    Sagar K. Ravi / Mitzi Steiner
    Assistant United States Attorneys

    _____          Date:   March 14, 2021
    Jeffrey Einhorn, Esq.
    Counsel for FAROUK APPIEDU

    _____          Date: _____
    Camille Marie Abate, Esq.
    Counsel for CELVIN FREEMAN

    _____          Date: _____
    Robert V. Bryan, Jr., Esq.
    Counsel for FRED ASANTE

    _____          Date: _____
    Ernesto Cerimele, Esq.
    Counsel for LORD ANING

SO ORDERED:

Dated: New York, New York
       March ___, 2021

                                            _____
                                            THE HON. JED S. RAKOFF
                                            UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____    Date: _____
Sagar K. Ravi / Mitzi Steiner
Assistant United States Attorneys

_____    Date: _____
Jeffrey Einhorn, Esq.
Counsel for FAROUK APPIEDU

*Camille M. Abate*    Date: March 16, 2021
Camille Marie Abate, Esq.
Counsel for CELVIN FREEMAN

_____    Date: _____
Robert V. Bryan, Jr., Esq.
Counsel for FRED ASANTE

_____    Date: _____
Ernesto Cerimele, Esq.
Counsel for LORD ANING

SO ORDERED:

Dated: New York, New York
       March ___, 2021

_____
THE HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

4

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____      Date: _____
Sagar K. Ravi / Mitzi Steiner
Assistant United States Attorneys

_____      Date: _____
Jeffrey Einhorn, Esq.
Counsel for FAROUK APPIEDU

_____      Date: _____
Camille Marie Abate, Esq.
Counsel for CELVIN FREEMAN

_____      Date: _3.15.21_
Robert V. Bryan, Jr., Esq.
Counsel for FRED ASANTE

_____      Date: 3-15-2021
Ernesto Cerimele, Esq.
Counsel for LORD ANING

SO ORDERED:

Dated: New York, New York
       March 22, 2021

_____
THE HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

4