L41AAPPAps

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                              21-cr-88 (JSR)

FRANK APPIEDU, et al.,

            Defendants.                     Arraignment

------------------------------x
                                            New York, N.Y.
                                            (remote)

                                            April 1, 2021
                                            9:00 a.m.

Before:
                    HON. JED S. RAKOFF

                                            District Judge


                        APPEARANCES

AUDREY STRAUSS
    United States Attorney for the
    Southern District of New York
BY: SAGAR K. RAVI
    MITZI STEINER
    Assistant United States Attorneys

LAW OFFICES OF JEFFREY B. EINHORN
    Attorneys for Defendant Appiedu
BY: JEFFREY B. EINHORN

BRYAN LAW PLC
    Attorneys for Defendant Asante
BY: ROBERT V. BRYAN, JR.

CAMILLE M. ABATE
    Attorney for Defendant Freeman

KLINGEMAN CERIMELE, ATTORNEYS
    Attorneys for Defendant Aning
BY: ERNESTO CERIMELE
```

1               (Remote)
2               THE COURT:  This is Judge Rakoff.  Would counsel
3     please identify themselves.
4               MR. RAVI:  Good morning, your Honor.  This is AUSA
5     Sagar Ravi for the United States.  And also joining me is AUSA
6     Mitzi Steiner.
7               THE COURT:  Good morning.
8               MR. EINHORN:  Good morning, your Honor.  Jeffrey
9     Einhorn from the Law Offices of Jeffrey Lichtman for
10    Mr. Appiedu, who is joining me telephonically, joining us.
11              MR. BRYAN:  Good morning, your Honor.  Robert Bryan
12    for Fred Asante.
13              THE COURT:  And is Mr. Asante also on the phone?
14              MR. BRYAN:  Yes, your Honor.
15              DEFENDANT ASANTE:  Yes, I'm here.
16              THE COURT:  Very good.
17              MS. ABATE:  Good morning, your Honor.  Camille Abate
18    for Celvin Freeman.  And Mr. Freeman is also on the phone with
19    me.
20              THE COURT:  Good morning.
21              MR. CERIMELE:  Good morning, Judge.  Ernesto Cerimele
22    on behalf of the defendant Lord Aning, who has also joined
23    telephonically.
24              THE COURT:  Very good.  All right.
25              So let me ask each counsel and defendant individually,

1    starting with Mr. Appiedu and his counsel, have you each
2    consulted with each other and agreed and consented to having
3    this proceeding by teleconference?
4              Counsel for Mr. Appiedu?
5              Hello?
6              MR. EINHORN:  Oh, I'm sorry.  I was on mute.
7              Good morning, your Honor.  This is Jeffrey Einhorn.
8    Yes.  I've discussed the matter with Mr. Appiedu, and we have
9    agreed to proceed telephonically.
10             THE COURT:  Mr. Appiedu, do you agree?
11             DEFENDANT APPIEDU:  Yes, my Honor, I do agree.
12             THE COURT:  Very good.
13             Counsel for Mr. Asante?
14             MR. BRYAN:  Robert Bryan for Fred Asante.  Mr. Asante
15   and I have discussed his right to be physically present for
16   this proceeding, and we have agreed to proceed telephonically.
17             THE COURT:  And Mr. Asante, do you agree?
18             DEFENDANT ASANTE:  Yes, your Honor, I agree.
19             THE COURT:  Very good.
20             Counsel for Mr. Freeman?
21             MS. ABATE:  Yes.  Good morning again, Judge.
22   Mr. Freeman and I have discussed this case three times on the
23   phone and we have discussed his right to be present in the
24   courtroom, but we have also discussed whether he would consent
25   to be present telephonically, and he does agree to do this

1    conference remotely via telephone.
2             THE COURT:  Mr. Freeman, do you agree?
3             DEFENDANT FREEMAN:  Yes, your Honor.
4             THE COURT:  Very good.
5             And counsel for Mr. Aning.
6             MR. CERIMELE:  Ernesto Cerimele on behalf of Lord
7    Aning.  Mr. Aning and I have discussed the right to appear in
8    person and we request that the Court proceed telephonically.
9             THE COURT:  And Mr. Aning, do you agree?
10            DEFENDANT ANING:  Yes, your Honor.
11            THE COURT:  Very good.
12            Let me also note that, in her standing order, Chief
13   Judge McMahon has specifically found that proceedings of this
14   sort cannot be conducted in person without seriously
15   jeopardizing public health and safety.  And I find that this
16   matter cannot be further delayed without serious harm to the
17   interests of justice, since defendants have a right to prompt
18   arraignment.  And finally, I find that video teleconferencing
19   is not reasonably available because the Southern District is
20   presently unable to conduct simultaneous proceedings by
21   videoconference involving four defendants and their counsel.
22            So let me go back to counsel for Mr. Appiedu.  Have
23   you and your client gone over the indictment in this case?
24            MR. EINHORN:  Yes, your Honor.  We have reviewed it
25   together.

```
1              THE COURT:  And do you want the indictment read or do
2     you waive the reading?
3              MR. EINHORN:  We'll waive a public reading.  Thank
4     you.
5              THE COURT:  And do you want a plea of not guilty
6     entered at this time?
7              MR. EINHORN:  We'll enter a plea of not guilty, or
8     I'll enter it on his behalf.
9              THE COURT:  A plea of not guilty will be entered.
10             And counsel for Mr. Asante, have you gone over the
11    indictment with your client?
12             MR. BRYAN:  Yes, I have, your Honor.
13             THE COURT:  And do you waive the public reading?
14             MR. BRYAN:  We do waive the formal reading, your
15    Honor.
16             THE COURT:  And do you want a plea of not guilty
17    entered at this time?
18             MR. BRYAN:  That is what we were looking for at this
19    time, your Honor, yes.
20             THE COURT:  A plea of not guilty will be entered.
21             Counsel for Mr. Freeman.
22             MS. ABATE:  Yes, Judge.
23             THE COURT:  Have you gone over the indictment with
24    your client?
25             MS. ABATE:  Yes, I have gone over the indictment with
```

L41AAPPAps

1  my client, both by reading it to him and discussing it with
2  him.
3              THE COURT:  And do you wish to have it read again here
4  or do you waive the reading?
5              MS. ABATE:  I waive its public reading.
6              THE COURT:  And do you want a plea of not guilty
7  entered at this time?
8              MS. ABATE:  Yes, your Honor, not guilty.  Thank you.
9              THE COURT:  A plea of not guilty will be entered.
10             And finally, counsel for Mr. Aning, have you gone
11 over --
12             MR. CERIMELE:  Yes, your Honor.
13             THE COURT:  -- have you gone over the indictment with
14 your client?
15             MR. CERIMELE:  Yes, I have, Judge.
16             THE COURT:  And would you like the indictment read, or
17 do you waive the public reading?
18             MR. CERIMELE:  No, your Honor.  We will waive a formal
19 public reading.
20             THE COURT:  And do you want a plea of not guilty
21 entered at this time?
22             MR. CERIMELE:  Yes, your Honor, we would like a plea
23 of not guilty entered.
24             THE COURT:  A plea of not guilty will be entered.
25             OK.  How long does the government want for the

1   completion of any discovery, including the provision of any
2   known *Brady* material?
3           MR. RAVI:  Your Honor, this is AUSA Sagar Ravi.  The
4   government was able to produce a bulk majority of the discovery
5   to three out of the four defendants based on the timing of when
6   we received hard drives for them.  Those productions took place
7   over the past week.  Assuming that we will be able to get the
8   hard drive from the fourth defendant, the government believes
9   we should be in a position to complete production of discovery
10  by tomorrow, April 2nd.
11          THE COURT:  All right.  Very good.
12          MR. RAVI:  I will note that there is -- we are still
13  attempting to get into a couple of phones that were seized from
14  Mr. Asante, and as soon as we're able to do that, assuming we
15  are, we will then produce that as soon as we have any discovery
16  with respect to those phones.
17          THE COURT:  Very good.  How long does defense counsel
18  want for the making of any motions?
19          MS. ABATE:  Your Honor, this is Camille Abate for
20  Mr. Freeman.  As I understand it -- and, again, I have not yet
21  seen the discovery -- that this is a very document-heavy case
22  with a number of bank records and emails and other documents,
23  and I am currently going to be on trial in front of your Honor
24  as of April 14th, and I have been working on that.  So I would
25  request that we have two months to review, and maybe have a

1  status conference at the end of two months to see whether or
2  not the documents are so voluminous that we would need more
3  time to be able to determine if motions are necessary and if so
4  what types of motions.
5           THE COURT:  Well, that is not acceptable to the Court.
6  That is much too slow to comply with the spirit of the Speedy
7  Trial Act.  I am cognizant that you will be on trial before me
8  starting April 14th, and I express my condolences, but that
9  trial will probably be over in two weeks.  So you should be
10 able to turn to this by the beginning of May.  So I see, even
11 given the volume, I see no reason why we can't require all
12 motions to be filed by May 24th.  That's almost the 60 days you
13 asked for.  I'm not buying a pig in a poke by having that a
14 status conference.  So unless anyone else wants to be heard,
15 all defense motions must be filed by May 24th.
16          MS. ABATE:  Your Honor, this is Camille Abate again.
17 I take it that if it turns out that the documents are more
18 voluminous, that you would be open to a request for an
19 extension of time at some point in May?
20          THE COURT:  The answer to that --
21          MS. ABATE:  I just don't know.  I just don't know.
22          THE COURT: Of course I am always open in that I never
23 close the door.  But you should proceed on the assumption that
24 in my court deadlines are usually adhered to.  And it does not
25 sound to me that this is such a document-heavy case that you

1    can't master the documents and discuss them with your client
2    in, in effect, the three and a half weeks I'm giving you after
3    the conclusion of the trial before me.  And of course everyone
4    else is going to have even more time because they're not on
5    trial.
6         So the answer is, yes, if it is truly something that
7    you can make a very strong showing to adjourn that date, I
8    never close the door.  But you should proceed on the assumption
9    that the door is only open a small crack.
10        MR. RAVI:  Your Honor, this is AUSA Sagar Ravi.  Would
11   it be helpful for the Court to provide kind of a bit of
12   overview of the size of the discovery?
13        THE COURT:  Sure.
14        MR. RAVI:  The discovery falls into kind of two
15   groups.  The first set is documents and other types of
16   discovery.  It consists of approximately 50 gigabytes of
17   material, consisting of, you know, bank records for dozens of
18   accounts that were seized approximately $50 million over the
19   past four years, transactional data relating to bulk food and
20   car shipments that were involved in laundering fraud proceeds,
21   business records relating to the defendants' companies, search
22   warrants relating to a few email accounts, search warrant
23   returns from searches of at least three premises that were done
24   in connection with arrests, as well as documents from --
25   provided by fraud victims and the postarrest interviews of

1    three of the defendants.

2              The second group -- the second kind of category of
3    discovery are the phone dumps of three of the defendants whose
4    we've have been able to extract, and those total approximately
5    150 gigabytes.

6              THE COURT:  So it seems to me that, in cases like
7    this, defense counsel should feel free to call up the
8    government and say, "Without prejudice, and not in a binding
9    way, but can you point me to which of those documents and other
10   evidence particularly pertains to my client?  You know, I'm not
11   holding this to you.  There are may be other stuff.  I know I
12   have to review it all.  But can you give me a heads up as to
13   what particularly pertains to my particular client?"  And then
14   the government responds, "Absolutely, and here it is, and it's
15   items 45, 233, and so forth."  So I very much encourage both
16   sides to do that and to do so promptly.

17             MR. RAVI:  And, your Honor, I'll just -- this is AUSA
18   Sagar Ravi.  I'll just note that with respect to the kind of
19   voluminous bank records which I think are going to be, they are
20   certainly a big part of this case, those have been organized
21   already by defendant.

22             THE COURT:  All right.  So all motions to be filed by
23   May 24th, and we will have further conference tentatively by
24   telephone if everyone consents, but it may be in person if
25   there's not consent or if the situation has changed.

1              Linda, let's look at May 26.

2              THE CLERK:  Checking.  Wednesday, May 26, you have an

3     argument potentially but not till 5 o'clock.  It's only if

4     necessary.

5              THE COURT:  OK.  So let's put this on for 11 a.m. on

6     May 26, and at that time, if motions have been made that can be

7     dealt with through oral argument, they will be.  If they

8     require further briefing from the government or anyone else,

9     we'll set that schedule then.  And in any event we'll set the

10    trial date at that time.

11             So pursuant to Section 3161 of Title 18, I will

12    exclude from calculations under the Speedy Trial Act all time

13    between now and May 26.  I find this necessary in view of the

14    discovery and the preparation of any motions, and that for

15    those and other reasons, the interests of justice in excluding

16    such time substantially outweighs the interests of the public

17    and defendants in a speedy trial.

18             Anything else we need to take up today?

19             MR. RAVI:  This is AUSA Ravi.  Nothing else from the

20    government.

21             THE COURT:  Counsel for Mr. Appiedu?

22             MR. EINHORN:  Your Honor, just one thing to be quick

23    here, just so I have the dates correct.  The motions are due

24    May 24th and we have a conference on the 26th?

25             THE COURT:  Correct, at 11 a.m.

L41AAPPAps

1           MR. EINHORN:  OK.  Nothing for Mr. Appiedu.  Thank
2  you, Judge.
3           THE COURT:  Counsel for Mr. Asante.
4           MR. BRYAN:  Robert Bryan for Fred Asante.  Nothing
5  further for Mr. Asante, your Honor.
6           THE COURT:  Thank you.
7           Counsel for Mr. Freeman.
8           MS. ABATE:  Nothing further, your Honor.
9           THE COURT:  And counsel for Mr. Aning.
10          MR. CERIMELE:  Nothing further, Judge.
11          THE COURT:  Very good.  Thanks so much.  Bye-bye.
12          (Adjourned)